**State of OREGON,\* Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART,\*\* Commissioner, Social Security Administration, Defendant–Appellee.**

**No. 00–35661.**

**D.C. No. CV–98–01641–TC.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2001.\*\*\*

Decided Jan. 9, 2002.

---

\* The State of Oregon is substituted for the Estate of Cheryl M. Olson as Plaintiff–Appellant in this case.

\*\* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM ****

The Commissioner of Social Security determined that Claimant Cheryl Olson was ineligible for Supplemental Security Income benefits. Claimant appealed the finding that she was not disabled,[1] arguing that the Administrative Law Judge (ALJ) committed legal errors and that his conclusions were not supported by substantial evidence in the record as a whole. After Claimant died, the State of Oregon was substituted as the appellant to pursue its potential interest in reimbursement pursuant to 42 U.S.C. § 1383(g) and 20 C.F.R. § 416.525. We affirm.

■ Claimant first argued that the ALJ erred in finding her not credible.

---

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Claimant alleged disability due to suicidal depression, sexual and physical abuse, and drug abuse.

We are not persuaded, because the ALJ provided clear and convincing reasons for his adverse credibility finding: inconsistency between claimed conditions and medical evidence; inconsistency between claimed limitations and daily activities; inconsistency between Claimant's testimony and that of one of her lay witnesses and internal inconsistency between her own statements; absence of pain behavior during the hearing; Claimant's historic lack of interest in working; and the ALJ's observation that he "did not consider her demeanor to be believable." The record supports those reasons and, indeed, affirmatively suggests that Claimant was malingering. As one example, her psychological evaluation with Dr. Heydon "disclosed an invalid profile and supported that the claimant over-reported her psychopathology."

■ Claimant next asserted that the ALJ improperly discounted the testimony of two lay witnesses. The ALJ did, however, "give reasons that are germane to each witness." *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993). First, he stated that the testimony of the witnesses was "influenced by their sympathy for the claimant." Actual bias is germane to evaluating a witness' testimony. Second, the ALJ stated that the lay witnesses' testimony was contradicted by the medical evidence. That is a recognized basis to reject lay evidence. *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001).

■ Next Claimant argued that the ALJ's assessment of residual functional capacity was based on an insufficiently detailed analysis of Claimant's nonexertional limitations. However, the ALJ did make specific findings in that regard; he found that Claimant could perform light work, that she could not be exposed to extremes of hot or cold temperatures or to environmental pollutants, and that she had moderate mental residual functional capacity limitations in five listed areas but could attend work every day on a regular basis.

Finally, Claimant argued that the ALJ erred by finding that she could perform her past relevant work as an industrial cleaner and odd-job worker. The ALJ noted that those jobs were unskilled, required only light exertion, and were within the functional capacity described to the vocational expert. Those findings described the demands of the past jobs and are supported by the record. The ALJ's finding that Claimant remained capable of performing those jobs likewise was supported by the record.

AFFIRMED.